**CORSETTI v. McGRATH, Commissioner of Immigration.**

No. 9421.

Circuit Court of Appeals, Ninth Circuit.

June 13, 1940.

720

Chauncey Tramutolo, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and L. R. Mercado, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellant, being held for deportation, sought release by a petition for a writ of habeas corpus, which was denied, and he appeals.

Appellant, a citizen of Italy, illegally entered the United States in 1925. On May 9, 1938, appellant was arrested and held for deportation. During the pendency of such deportation proceedings, appellant requested that further consideration of the matter be deferred, and took steps to obtain entry under the regular quota. On November 18, 1938, the Secretary of Labor ordered appellant's deportation. Without knowledge of such order, appellant left the United States on November 21, 1938, for Mexico City where on December 5, 1938, he obtained an immigration visa and re-entered the United States on December 15, 1938. Thereafter, the deportation proceedings in question here were commenced, and appellant was ordered deported. His petition for a writ of habeas corpus was denied by the court below, hence this appeal.

8 U.S.C.A. § 180 provides in part:

"(a) If any alien has been arrested and deported in pursuance of law, he shall be excluded from admission to the United States * * *.

"(b) For the purposes of this section any alien ordered deported * * * who has left the United States shall be considered to have been deported in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed."

The sole question before us is whether appellant had been "deported" prior to his re-entry into the United States by the action taken in the previous deportation proceedings.

Appellant contends that a deportation exists only when the alien is forcibly removed, or when with knowledge of the order of deportation, and in compliance therewith, the alien voluntarily departs. Subdivision (b) of the above-quoted statute determines that there has been a deportation if the alien has been ordered to be deported and leaves the United States. Knowledge of the issuance of the order of deportation at or prior to such departure is not required by the statute to constitute deportation, and we should not amend the statute to include it. Appellant was ordered deported, and after issuance of the order, left the United States. Under subdivision (b) he was "deported".

Affirmed.